UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TYRONE WILLIAMS                                    CIVIL ACTION NO. 24-cv-1175

VERSUS                                             JUDGE EDWARDS

WALMART SUPERCENTER                                MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Tyrone Williams ("Plaintiff"), who is self-represented, filed suit in state court against Walmart. He alleged that he had been employed at a Walmart store since 2003 and worked as a frozen foods stocker. Plaintiff alleged that he was "written up" for lack of productivity and soon afterward terminated for the same reason. Plaintiff complained that the process was "conducted unprofessionally" and that he received his job back after he contacted Walmart's home office. Plaintiff alleged that, after he returned to work, he "received several encounters of harassment and retaliation." He complained that he had to complete a two-person job by himself. Plaintiff's petition ended with a prayer for a judgment that will "adequately identify this situation was a charge of race and age discrimination."

Walmart removed the case based on assertions of federal question and diversity jurisdiction, but the court is not certain that either form of jurisdiction exists. With respect to federal question, Walmart asserts that claims of wrongful termination, harassment, and retaliation are claims that "may" be brought under Title VII and that the court has federal question jurisdiction because Plaintiff "asserts claims arising under Title VII." But

Plaintiff did not invoke Title VII or any other federal law.  A plaintiff is the master of his complaint and may rely solely upon state law even when federal law might provide a cause of action based on the same facts.  Quinn v. Guerrero, 863 F.3d 353, 59 (5th Cir. 2017); Griffith v. Alcon Research Limited., 712 Fed. Appx. 406 (5th Cir. 2017).

The plaintiff's federal question or claim must appear on the face of her well-pleaded complaint.  Bernhard v. Whitney Nat'l Bank, 523 F.3d 546, 551 (5th Cir. 2008).  Plaintiff's petition does not invoke any federal law, so there is almost certainly no basis for the exercise of federal question jurisdiction.  Flettrich v. Chevron Oronite Co., L.L.C., 2022 WL 1320433 (E.D. La. 2022) (no federal question based on employment discrimination petition that did not expressly invoke Title VII); Derbes v. Louisiana Through Landry, 2022 WL 4838211 (M.D. La. 2022) (no federal question despite ongoing EEOC charge proceedings and the petition's reservation of rights to assert Title VII claims). The undersigned recommended earlier this week that a defendant pay $2,300.00 in fees for wrongfully removing a similar employment discrimination case.  Flemings v. City of Shreveport, 24-cv-1013.

With respect to diversity jurisdiction, Walmart alleges that Plaintiff is a citizen of Louisiana and that Walmart, Inc. is a citizen of Delaware and Arkansas.  Diversity jurisdiction also requires that the amount in controversy exceed $75,000, exclusive of interest and costs.  Walmart alleges, with respect to that element, that Plaintiff alleges wrongful termination and that he received "several encounters of harassment and retaliation," so Walmart concludes that the damages Plaintiff seeks "likely exceed $75,000."

Walmart has the burden of showing by the preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B). Mere assertions that the amount in controversy "may," "might," or "could well" exceed $75,000 are insufficient to satisfy the burden of presenting facts that show it is more likely than not that the requisite amount is in controversy. Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995). Thus, there is a serious question as to whether Walmart has met its burden.

There is no indication of Plaintiff's rate of pay or amount of lost income, whether his damages were mitigated by obtaining another job, the amount of any pre-suit settlement demand, or other facts that might suggest that the amount in controversy is as great as Walmart suggests it is "likely" to be. Johnson v. Wal-Mart Assocs., Inc., 2018 WL 4473869 (W.D. La. 2018) (Kay, M.J.) (recommending remand of employment discrimination case when Wal-Mart did not meet its burden on amount in controversy with respect to claims of terminated low wage employee).

Walmart is allowed until **September 27, 2024** to amend its notice of removal and, if it wishes, file a memorandum in response to this order that explains how and why it has met its burden with respect to subject matter jurisdiction. The court will assess the case after the deadline and determine whether subject matter jurisdiction exists or if the case must be remanded to state court for lack of jurisdiction. If Walmart concedes that jurisdiction is lacking, it should notify the court, and an order of remand will issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 12th day of September, 2024.

Mark L. Hornsby
U.S. Magistrate Judge